United States District Court
Southern District of Texas

**ENTERED**

March 13, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD RAY CONLEY III,<br>TDCJ #2370867, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-0833 |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Donald Ray Conley III (TDCJ #2370867), is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has filed a hand-written petition seeking a Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1), challenging a conviction for capital murder in Harris County Case No. 1477785. He has also filed an In Forma Pauperis Declaration (Docket Entry No. 2), which is construed as a request for leave to proceed without prepayment of the filing fee. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

## I.  **Background**

Conley discloses that on October 7, 2021, a jury in the 183rd District Court of Harris County, Texas, convicted him of capital murder in Case No. 1477785.[1]   He received a sentence of life without parole.[2]   Court records reflect that Conley raised five issues on direct appeal before an intermediate appellate court, which affirmed the conviction in an unpublished opinion.   See Conley v. State, No. 01-21-00566-CR, 2022 WL 17981980, at *1 (Tex. App. — Houston [1st Dist.] Dec. 29, 2022, pet. ref'd).   Conley reports that the Texas Court of Criminal Appeals refused his petition for discretionary review on March 1, 2023.[3]

Conley now seeks relief under 28 U.S.C. § 2254, asserting that he was denied effective assistance of counsel at his trial.[4] Conley, who appears to claim that he was under extreme emotional distress when he committed the underlying offense, contends that his attorney was ineffective for failing to do the following: (1) impeach an expert witness during cross-examination; (2) question or object to a ruling on evidence given during expert testimony about

---

[1]Petition, Docket Entry No. 1, pp. 1-2.   For purposes of identification, all page numbers reference the pagination imprinted at the top of each docket entry by the court's electronic case filing ("ECF") system.

[2]Id. at 1.

[3]Id. at 2.

[4]Id. at 3-4.

his history; and (3) adequately cross-examine an expert who was on the witness stand during trial.[5]  Because it is evident that Conley has not yet raised these claims before the Texas Court of Criminal Appeals, his Petition is subject to dismissal for lack of exhaustion.

## II.  **Discussion**

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.  See Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  To satisfy this requirement a Texas prisoner must raise his claims before the Texas Court of Criminal Appeals.  See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1733-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas criminal defendant may exhaust remedies by taking one of two paths to the Texas Court of Criminal Appeals.  The first path is a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.1.  The second path is an application for a writ of habeas corpus under Article

---

[5]Id. at 3.

11.07 of the Texas Code of Criminal Procedure filed in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  See Tex. Code Crim. Proc. art. 11.07 § 3(b)-(c).  "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotation marks omitted).  Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

Conley reportedly raised Fifth Amendment "due process" claims concerning his sentence in a pro se motion for new trial.[6]  He also filed a petition for a writ of mandamus with the "lower courts" regarding a "[nunc] pro tunc motion" that the trial court did not

---

[6]Petition, Docket Entry No. 1, p. 2.

-4-

address.[7]  There is no showing that Conley's ineffective-assistance
claims were presented to the state courts in a procedurally proper
manner or that they were considered by the Texas Court of Criminal
Appeals as required for exhaustion.  Conley's ineffective-
assistance claims were not included among the issues raised on
direct appeal,[8] and there is no record showing that he has filed an
application for a state writ of habeas corpus under Article 11.07.[9]
Because state habeas review remains available, Conley does not show
that he fits within a recognized exception to the exhaustion
doctrine.  Under these circumstances, the pending federal habeas
Petition must be dismissed without prejudice for lack of
exhaustion.  See Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982) ("A
rigorously enforced total exhaustion rule will encourage state
prisoners to seek full relief first from the state courts, thus
giving those courts the first opportunity to review all claims of
constitutional error.").

### III.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a

---

[7]Id.

[8]See Conley, No. 01-21-00566-CR, 2022 WL 17981980, at *1
(listing the issues for review on direct appeal).

[9]See Docket Sheet for Harris County Case No. 1477785,
available at Harris County District Clerk's Office website,
https://www.hcdistrictclerk.com (last visited March 13, 2024)
(reflecting that Conley has not yet filed a state habeas
application to challenge his capital murder conviction).

district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Id. Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV.  **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Donald Ray Conley III (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

3. Conley's request for leave to proceed without prepayment of the filing fee (Docket Entry No. 2) is **GRANTED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 13th day of MARCH 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE